## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OLLIE'S BARGAIN OUTLET, INC.** | : | |
| | : | **CIVIL ACTION NO. 1:CV-03-1819** |
| **Plaintiff** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **NEW ENGLAND BUSINESS** | : | |
| **EXCHANGE INC.,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Relief from Decision and Order under Rule 59(a)and (d).  (Doc. No. 42.)   The motion has been fully briefed and is ripe for disposition.  For the reasons that follow, Defendant's motion for reconsideration will be denied.

I.   **Background**

On September 23, 2003, Plaintiff filed the instant action in the Court of Common Pleas of Dauphin County, Pennsylvania, seeking a declaration that Defendant is not entitled to any brokerage commission under the Contract.  (Complaint, Doc. No. 1, Ex. C.)  Defendant removed the action to this Court (Doc. No. 1) and filed its Answer and Counterclaims, alleging breach of contract, breach of duty of good faith and fair dealing, unjust enrichment, violation of Chapter 93A of Massachusetts General Laws, and claims for attorney's fees (Doc. No. 2).  On August 11, 2004, Plaintiff filed a motion for summary judgment.  (Doc. No. 17.)  On August 12, 2004, Defendant filed a motion for partial summary judgment.  (Doc. No. 20.)  By Order dated March 31, 2005, the Court granted Plaintiff's motion for summary judgment and entered judgement in favor of Plaintiff on its declaratory

judgment claim and against Defendant on its first counterclaim for breach of contract.  (Doc. No. 40.)

II.     **Discussion**

In its instant motion, Defendant "asks the court to reopen the [summary judgment] order under Rule 59(a) and (d) of the Federal Rules of Civil Procedure . . . ."  (Doc. No. 42.)  As an initial matter, the Court notes that both sections of Rule 59 upon which Defendant relies are inapplicable to the instant matter.  Section (a) of Rule 59 concerns grounds for granting a new trial, and no trial was conducted in this case.  Section (d) of Rule 59 refers to the Court's ability to <u>sua</u> <u>sponte</u> order a new trial, which is inapplicable to this case.  Rather, Defendant's reliance upon Rule 59(e) in its memorandum of law in support of its motion for relief indicates that these citations were typographical mistakes.  Accordingly, the Court construes Defendant's motion as seeking the Court to alter or amend its judgment pursuant to Rule 59(e).[1]  <u>Rankin v. Heckler</u>, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of a judgment may be treated as a motion to alter or amend the judgment under Rule 59(e).")

A motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice.  <u>Marjam Supply Co. v. BCT Walls & Ceilings, Inc.</u>, 2003 U.S. Dist. LEXIS 14737 (E.D. Pa. 2003); <u>Dodge v. Susquehanna Univ.</u>, 796 F. Supp. 829, 830 (M.D. Pa. 1992).  "Motions for reconsideration are not to be used to reargue

---

[1] Rule 59 and Rule 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence.  <u>Compass Tech. v. Tseng Lab.</u>, 71 F.3d 1125, 1130 (3d Cir. 1995.)

or relitigate matters already decided." Haymond v. Lundy, 205 F. Supp. 2d 390, 395 (E.D. Pa.

2002).  Nor are they intended as an opportunity for the non-prevailing party to raise arguments that it

neglected to include in previous briefs. Haymond, 205 F. Supp. 2d at 396 ("Rule 59(e) motions are

aimed at reconsideration, not initial consideration.") (internal quotations omitted).  Courts have a strong

interest in the finality of judgments, so motions for reconsideration should be granted sparingly.

Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

        Defendant does not argue that there has been an intervening change in controlling law or that

reconsideration is necessary to correct a clear error of law or to prevent manifest injustice.  (Doc. No.

43.)  Rather, Defendant argues that "newly discovered evidence" creates a question of material fact

regarding SKM's relationship with SKM Growth vis-a-vis the contract at issue in this case.  The

"newly discovered evidence" that Defendant proffers consists of a November 29, 2004 email and a

February 24, 2005 internet press release.

        The Court may consider new evidence if the evidence: (1) is material and not merely

cumulative; (2) could not have been discovered prior to the entry of judgment through the exercise of

reasonable diligence; and (3) would probably have changed the outcome of the Court's earlier

decision. Compass Tech., 71 F.3d at 1130.  "Any party requesting such a relief bears a heavy

burden." Id. (internal quotations omitted.)  The Court cannot consider evidence that was known to

Petitioner prior to entry of judgment.  See Gutierrez v. Gonzales, 2005 U.S. App. LEXIS 4502 (3d

Cir. 2005) (stating that "had the District Court granted reconsideration solely to consider 'newly

discovered evidence,' [which had been known to Petitioner prior to the entry of judgment], we may

have found error [with the court's discussion]"); Bailey v. United Airlines, 279 F.3d 194, 201 (3d Cir.

3

2002) ("A district court may properly refuse to consider evidence presented in a motion for

reconsideration when the evidence was available prior to summary judgment").

In this case, examination of the proffered evidence reveals that Defendant knew of the email on

November 29, 2004 and the press release was publically distributed through Yahoo financial news on

February 24, 2005.  (Doc. No. 44, Exhibits A and D.)   Since the Court did not issue its opinion and

judgment until March 31, 2005, Defendant had sufficient time prior thereto to supplement the record,

but chose not to do so.  Motions for reconsideration "may not be used 'as a means to argue new facts

or issues that inexcusably were not presented to the court in the matter previously decided.'"  Johnson

v. Diamond State Port Corp., 50 Fed. Appx. 554, 560, 2002 WL 31429864, *6 (3d Cir. 2002)

(quoting Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990)).  Defendant offers

no reason why it was unable to move to supplement its response to Plaintiff's summary judgment

motion or otherwise bring this evidence to the Court's attention prior to the March 31, 2005 Order.

Accordingly, Defendant's proffered evidence does not constitute "newly discovered evidence" and

does not warrant a reconsideration of this Court's summary judgment grant.

**III.**   <u>Order</u>

    **AND NOW** this 14th  of June, 2005,  upon consideration of the Defendant's motion for relief,

all responsive papers thereto, and the record as a whole, **IT IS HEREBY ORDERED** that

Defendant's motion is **DENIED**.  (Doc. No. 42.)  A telephone conference is **HEREBY**

**SCHEDULED** on **June 28, 2005 at 3:30 p.m.** regarding the remainder of Defendant's

counterclaims.  Plaintiff shall initiate the telephone conference.  The telephone number of the Court is

717-221-3990.



                          _s/ Yvette Kane_____
                          Yvette Kane
                          United States District Judge