**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OLLIE'S BARGAIN OUTLET, INC., | : | |
| | : | **CIVIL ACTION NO. 1:03-CV-1819** |
| **Plaintiff** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| NEW ENGLAND BUSINESS | : | |
| EXCHANGE INC., | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:[1]

In February 2000, Morton Bernstein decided to sell his business, Ollie's Bargain Outlet,

Inc. ("Plaintiff"), a retailer of discounted merchandise.  In order to find potential buyers, on

February 9, 2000 Mr. Bernstein entered into an agreement ("Contract") with New England

Business Exchange, Inc. ("Defendant"), a business that specialized in brokering such sales.

Pursuant to the terms of the Contract, if Plaintiff was sold during the term of the Contract or

"within twenty-four (24) months after the expiration . . ." of the Contract "to any party with

whom . . . [Defendant] has had discussions or negotiation, or whose name has been furnished by

[Defendant] to [Plaintiff], [Defendant] shall be entitled to . . . Success Fees . . . . "  (Doc. No. 2,

Ex. B.)

Defendant's efforts resulted in two prospective buyers, SKM Growth Investors ("SKM

Growth") and Foundation Equity Investors of Chicago.  SKM Growth initially requested a

Descriptive Memorandum, but found Plaintiff's business model unattractive and decided not to

---

[1]  As the facts of this case have already been fully developed in this Court's March 31, 2005
Order (Doc. No. 40), the following is an abbreviated recitation of the facts.

pursue an acquisition.  (Doc. No. 19, Ex. D.)  Foundation Equity Investors of Chicago conducted

some due diligence, but the acquisition failed during negotiations.  Plaintiff subsequently hired

another business broker, Financo, and terminated its contract with Defendant.  Through Financo,

Plaintiff was sold to the private merchant bank, Saunders, Karp & Megrue ("SKM").

On September 23, 2003, Plaintiff filed the instant action in the Court of Common Pleas of

Dauphin County, Pennsylvania, seeking a declaration that Defendant is not entitled to any

brokerage commission under the Contract.  (Complaint, Doc. No. 1, Ex. C.)  Defendant removed

the action to this Court (Doc. No. 1) and filed its Answer and Counterclaims, alleging the

following counterclaims against Plaintiff:  (1) breach of contract; (2) breach of duty of good faith

and fair dealing; (3) unjust enrichment; (4) violation of Chapter 93A of Massachusetts Laws; and

(4) claims for attorney's fees.[2]  (Doc. No. 2.)  Thereafter, the parties filed cross motions for

summary judgment.  (Doc. Nos. 17 and 20.)

Pursuant to the Order dated March 31, 2005, this Court found that Plaintiff did not owe

Defendant a success fee under the contract in controversy and entered judgment in favor of

Plaintiff on its declaratory judgment claim.  (Doc. No. 40.)  Having found that Plaintiff did not

breach Section 4 of the Contract, the Court also entered judgment against Defendant on its first

counterclaim for breach of contract.  Id.  Due to the lack of briefing regarding Defendant's other

counterclaims, the Court ordered the parties to submit supplemental memoranda of law

addressing whether, as a matter of law, Defendant's remaining counterclaims are still viable

---

[2] Both parties agree that, pursuant to a choice of law provision contained in the contract, the law of Massachusetts governs this contractual dispute.

following the Court's March 31, 2005 findings.  (Doc. No. 51.)  Now that the issue is fully

briefed, the Court will address each of Defendant's remaining counterclaims in turn.

In its second counterclaim to the Complaint, Defendant alleges that Plaintiff breached its

duty of good faith and fair dealing owed to Defendant.[3]  "A duty of good faith and fair dealing is

implicit in the performance of a party's contractual obligations."  Lafayette Place Assoc. v.

Boston Redevelopment Auth., 694 N.E.2d 820, 830 (Mass. 1998).  The covenant of good faith

and fair dealing requires "that neither party shall do anything that will have the effect of

destroying or injuring the right of the other party to receive the full fruits of the contract."

Anthony's Pier Four, Inc. v. HBC Assoc., 583 N.E.2d 806, 820 (Mass. 1991) (citations omitted).

However, there can be no claim for a breach of an implied covenant of good faith and fair

dealing without a breach of contract.[4]  Dimaio Family Pizza & Luncheonette, Inc. v. Charter Oak

Fire Ins. Co., 349 F. Supp. 2d 128, 134 n.6 (D. Mass. 2004) (citing Chokel v. Genzyme Corp.,

No. 032520BLS, 2003 WL 23016549, at *4 (Mass. Super. Ct.  Nov. 12, 2003) ("[w]ithout a

breach of the contract, there can be no claim for a breach of an implied covenant of good faith

and fair dealing") (citing AccuSoft Corp. v. Palo, 237 F.3d 31 (1st Cir. 2001))).  Pursuant to the

Order dated March 31, 2005, the Court entered judgment against Defendant on its counterclaim

for breach of contract.  Accordingly, as a matter of law, Defendant's counterclaim for breach of

implied covenant of good faith and fair dealing must necessarily fail.

---

[3] Defendant alleges that Plaintiff beached the implied covenant of good faith and fair
dealing by "secretly and fraudulently intending not to honor its contractual obligation to pay
[Defendant] its success fee, and its wrongful delay of [Defendant's] efforts to bring about a sale
of [Plaintiff].  (Doc. No. 2 at ¶ 65.)

[4] Defendant agrees with Plaintiff that, under Massachusetts law, there can be no cause of
action for breach of duty and good faith without a breach of contract.  (Doc. No. 53 at 5.)

In its third counterclaim to the Complaint, Defendant claims that Plaintiff was unjustly enriched by "using the benefits of [Defendant's] sales efforts, marketing and negotiating expertise" to obtain a higher sales price than it was able to obtain through Plaintiff's own efforts. (Doc. No. 2 at ¶ 68.)  To state a claim for unjust enrichment, Defendant must establish the following elements:  "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law."  In re Lupron Marketing and Sales Practices Litig., 295 F. Supp. 2d 148, 182 (D. Mass. 2003) (citations omitted).  The doctrine does not require any contractual relationship between the parties as a prerequisite of suit.  Greenwald v. Chase Manhattan Mortg. Corp., 241 F.3d 76, 78 n.1 (1st Cir. 2001).

Where an enforceable contract exists, there is an adequate remedy at law and a claim for unjust enrichment cannot be sustained.  See In re Lupron, 295 F. Supp. 2d at 182 ("[w]here a contract does govern the parties' relationship, the contract provides the measure of the plaintiff's right and no action for unjust enrichment lies").  Defendant has failed to challenge the enforceability of the contract at issue.  In fact, from the very beginning of this action Defendant has fervently argued that the February 9, 2000 agreement is an enforceable contract that governs the parties' conduct.  Accordingly, the Court finds, as a matter of law, that Defendant is unable to sustain a claim for unjust enrichment.

In its fourth counterclaim to the Complaint, Defendant alleges that Plaintiff violated Chapter 93A of Massachusetts General Laws.  Chapter 93A provides a cause of action to:  "[a]ny person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages

in any trade or commerce of an unfair method of competition or an unfair or deceptive practice." Mass. Gen. Laws ch. 93A, § 11.  In order to rise to the level of a Chapter 93A violation, "a breach of contract must involve conduct in disregard of known contractual arrangements and intended to secure benefits for the breaching party."  Foss Mfg. Co., Inc. v. Malden Mills Indus., Inc., No. 961606, 1999 WL 818065, at *9 (Mass. Super. Ct. May 24, 1999).  Furthermore, the objectionable conduct must attain "a level of rascality that would raise an eyebrow of someone enured to the rough and tumble of the world of commerce."  Cheswell, Inc. v. Premier Homes and Land Corp., 319 F. Supp. 2d 135, 142 (D. Mass. 2004) (quoting Levings v. Forbes & Wallace, Inc., 396 N.E.2d 149, 153 (Mass. App. Ct. 1979)).

Defendant has failed to present any evidence of "immoral, unethical, oppressive, or unscrupulous" conduct.  Id.  Moreover, by Order dated March 31, 2005, the Court concluded that Plaintiff properly exercised its contractual right to refuse to pay a commission where Defendant did not produce the buyer.  (Doc. No. 40.)  Therefore, the Court finds as a matter of law that Defendant's claim under Chapter 93A of Massachusetts General Laws must fail.

In its fifth counterclaim to the Complaint, Defendant seeks attorney fees pursuant to the terms of the contract between Defendant and Plaintiff.  The contract at issue provides:

> In the event it is necessary for [Defendant] to pursue legal action against [Plaintiff] in order to collect any fees due and owing to [Defendant] pursuant to the Agreement, [Plaintiff] agrees to pay [Defendant] the costs of such collection, including but not limited to reasonable attorneys' fees and costs.

(Doc. No. 2 at ¶ 72.)  In support of its counterclaim for attorneys' fees, Defendant argues that Plaintiff breached the contract when it entered into an agreement with a third party while the exclusive fee agreement between Plaintiff and Defendant was still in effect.  (Doc. No. 53 at 6.)

Although the contract at issue provides for the recovery of attorneys' fees, such fees are only recoverable pursuant to legal action "to collect any fees due and owing to [Defendant]." Id. By Order dated March 31, 2005, this Court found that Plaintiff did not owe Defendant a success fee under the contract in controversy and entered judgment against Defendant on its counterclaim for breach of contract.  (Doc. No. 40.)  Furthermore, as discussed above, all of Defendant's remaining counterclaims fail as a matter of law.  As a result, the Court finds that Defendant is not entitled to attorney fees under the contract.

**AND NOW** this 28th day of November, 2005, upon consideration of the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Summary Judgment on Defendant's counterclaims (Doc. No. 17) is **GRANTED**.

2. Defendant's counterclaims for breach of duty of good faith and fair dealing, unjust enrichment, violation of Chapter 93A of Massachusetts General Laws, and claims for attorney's fees (Doc. No. 2) are **DISMISSED** as a matter of law.

3. The Clerk of Court is directed to close the file.

___s/ Yvette Kane_____
Yvette Kane
United States District Judge